IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS O. MILLER,

        Plaintiff,

        v.                                           Civil Action No.1:08-CV-223

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

On December 24, 2008, Thomas Miller, ["Plaintiff"], filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) and an Application for Leave to Proceed in forma pauperis.[1] Based on the information provided in Plaintiff's application, the Court finds Plaintiff can afford the filing fee.

Plaintiff's application reveals his spouse earns $2,255 per month, working for Rite-Aid and the Upshur Co. Board of Ed. Plaintiff and his spouse own a home valued at $65,000, the mortgage on which they still owe $45,000. Plaintiff and his wife own a 2003 Saturn and a 1987 Ford Escort with approximate values of $9,700 and $400 respectively. Plaintiff has a son, age 17, and a daughter, age 8, who rely on him and his wife for support. Plaintiff's monthly expenses total $2,178.

Plaintiff is not absolutely destitute, however, such a finding is not required in order to proceed IFP. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89 (1948). Adkins holds that an "affidavit is sufficient which states that one cannot because of his

---

[1] Doc. Nos. 1 & 2.

poverty 'pay or give security for the costs...and still be able to provide' himself and dependents 'with the necessities of life.'" Id.[2]

When determining IFP status, the Court considers "any support that an IFP applicant might receive from a spouse, or *from any other individual*." Ginters v. Frazier, 2008 WL 314701 at 2 (D. Minn., February 4, 2008)[3] (*emphasis added*). See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at 3 (N.D. Ind., 1993)[4] (the income and assets of close family members are relevant to a determination of indigency); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (it is proper to consider whether the party claiming indigent status receives financial support from her family); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978).

Here, plaintiff and his spouse with whom he is living are not destitute. While it does not appear to the Court that they have readily available cash to pay the $350 filing fee, their monthly income exceeds their monthly expenses by $77. The Court finds that Plaintiff could pay the filing fee and still "provide himself and his dependents with the necessities of life." See Adkins

---

[2] The Supreme Court has elaborated on this standard in Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203, 113 S. Ct. 716, 722, 121 L. Ed.2d 656 (1993) (citation omitted), stating: "Poverty, in its primary sense, is a human condition, to be '[w]anting in material riches or goods; lacking in the comforts of life; needy.'"

[3] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

[4] See FN 2.

335 U.S. 331. Accordingly, it is recommended Plaintiff's December 24, 2008 Application to Proceed in forma pauperis be **DENIED**, and Plaintiff be ordered to pay the full filing fee. .

Plaintiff may file within ten (10) days from the date of this Report and Recommendation, with the Clerk of Court, written objections identifying those portions of the recommendation to which objection is made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**IT IS SO ORDERED.**

DATED: January 15, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE